(C. D. 1745)

F. W. Myers & Co., Inc. *v.* United States

United States Customs Court, First Division

(Decided December 28, 1955)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before Oliver, Mollison, and Wilson, Judges

Wilson, Judge: The merchandise imported in this case is known as rhamno glucocide of quercitin, "an advanced natural and uncompounded, nonedible drug." The importation was classified by

the collector under paragraph 34 of the Tariff Act of 1930, and duty was assessed at 10 per centum ad valorem, the original rate under said paragraph, before it was modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739.

The importer does not challenge the correctness of the classification but alleges that the product in question is entitled to the benefit of the reduced rate provided for under the aforesaid trade agreement. If given the benefit of the trade agreement, the merchandise would be liable for duty at the rate of only 5 per centum ad valorem.

The product before us was denied the benefit of the trade agreement by the collector, on the theory that said merchandise was an importation from China, directly or indirectly. Since China is one of the nations under the Soviet orbit, exportations from Communist China to the United States are denied all benefits accruing to favored nations under trade agreements. (See T. D. 52788.)

The evidence shows the imported product (plaintiff's exhibit 1) was manufactured in Canada from a crude drug) plaintiff's illustrative exhibit 2), originally shipped from China to England and, thence, to Canada, where it was processed into an advanced drug quite different from the original exportation from China.

In our opinion, this case is controlled by the case of *Chemo Puro Mfg. Corp.* v. *United States*, 34 Cust Ct. 8, C. D. 1668, in which this court held that tannic acid, manufactured in the United Kingdom from nutgalls of Communist Chinese origin, was not an importation from China, directly or indirectly. In the *Chemo Puro Mfg. Corp.* case, *supra*, this court stated:

We are of the opinion, however, and hold that the tannic acid in question was not an importation into the United States, directly or indirectly, from China, but that it was an importation from the United Kingdom, which is entitled to the benefits of the lower rate of duty, as provided in the pertinent trade agreement. To hold otherwise would be, in effect, to establish the rule that all importations from the United Kingdom and other favored nations, under the trade agreement in question, processed from raw materials that originated in the Union of Soviet Socialist Republics or in any nation or area dominated or controlled by a foreign government or foreign organization controlling the world Communist movement, would not be entitled to the benefits of the involved trade agreement, but would come within the purview of the exceptions set forth in the Presidential proclamation and be subject to the higher rate of duty.

Tannic acid, under the tariff act, is given an entity, definite and distinct from nutgalls. Tannic acid is provided for under the provisions of paragraph 1 of the Tariff Act of 1930, and nutgalls fall specifically under the provisions of paragraph 1670 of said tariff act.

In the instant case, certain raw materials, originating in China, were processed into an entirely new product in Canada. The importation was, therefore, not of Chinese Communist, but of Canadian, origin.

We, therefore, hold that the importation is entitled to the benefit of the trade agreement, as contended by the plaintiff.

Accordingly, the involved merchandise is properly dutiable as an advanced drug under paragraph 34 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, at the rate of 5 per centum ad valorem, as claimed.

The protests are sustained.    Judgment will be entered accordingly.